KOCH & SCOW, LLC
Steven B. Scow, Nev. Bar No. 9906
E-mail:  sscow@kochscow.com
David R. Koch, Nev. Bar No. 8830
E-mail:  dkoch@kochscow.com
11500 S. Eastern Ave., Suite 210
Henderson, Nevada 89052
Tel:  702-318-5040
Fax:  702-318-5039

Attorneys for Landlord
Lingling Deng and XueGuo Sun

E-Filed on 1-12-2013

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 12-18052-bam |
| Kimberley Shafaye Riley, | Chapter 7 |
| Debtor. | **MOTION FOR RELIEF FROM STAY** |
| | Date:          February 20, 2013<br>Time:          9:00 a.m.<br>Location:    Courtroom 3 |

Lingling Deng and XueGuo Sun, the landlord for Kimberley Riley (the "Debtor") in this case, hereby move for relief from the automatic stay to obtain possession of the residential premises located at 6616 Bourbon Way, Las Vegas, Nevada 89107 (the "Property").  This Motion is made and based upon the attached Memorandum of Points and Authorities, the attached Declaration of Doris Cin in support of the Motion, the record in this case, and any arguments and evidence presented at or prior to the hearing on this Motion. The Section 362 Information Sheet is attached as Exhibit A.  A proposed order is attached as Exhibit C.

Dated:  January 12, 2013

By:    _____/s/ Steven B. Scow_____
          Steven B. Scow (Nev. Bar No. 9906)
          KOCH & SCOW, LLC
          11500 S. Eastern Ave., Ste. 210
          Henderson, Nevada 89052
          Attorneys for Landlord Enterprises, LLC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      BACKGROUND FACTS.**

    **A.      The Lease is an unexpired residential lease.**

      The Debtor entered into a Residential Lease Agreement dated April 16, 2012 (the "Lease"), with Lingling Deng and XueGuo Sun (collectively, the "Landlord"), regarding the residential premises located at 6616 Bourbon Way, Las Vegas, Nevada 89107 (the "Property"). Declaration of Doris Cin ("Cin Decl."), ¶ 2, Ex. B.  A few months thereafter, on or about July 11, 2012, the Debtor initiated this bankruptcy case by filing a petition under chapter 13.  This case was voluntarily converted to chapter 7 on or about November 29, 2012.

      The Lease has a one-year term, and the expiration date is April 29, 2013.  Pursuant to the Lease, the Debtor is currently required to pay $900 per month.  Cin Decl., ¶ 3.

    **B.      The Debtor defaulted in November 2012.**

      The Debtor initially defaulted on her obligation under the Lease by failing to timely pay the monthly rent for November.  The Debtor was also late paying December.  No rent has been paid for January 2013, and rent is due by the 1st of each month.  Cin Decl., ¶ 4.  The total amount due and owing to Landlord from Debtor up through January 7, 2013 is $1,550, which includes $900 in rent and $650 in late fees, interest, and/or other costs.  Cin Decl., ¶ 5.

**II.     LEGAL ARGUMENTS.**

    **A.      The stay should be terminated under Section 362(d)(1) to allow Landlord to proceed with an eviction.**

      Good cause exists for lifting the automatic stay.  Section 362(d)(1) of the Bankruptcy Code allows creditors to obtain relief from the automatic stay "for cause."  11 U.S.C. § 362(d)(1). "Cause" – as that term is used in Section 362(d)(1) – is not defined under the Bankruptcy Code, so it must be assessed on a case-by-case, fact-specific basis.  In re MacDonald, 755 F.2d 715, 717 (9th Cir. 1986).

      Here, the Debtor has defaulted on her post-petition rent and other obligations to the Landlord, which is a breach of the Lease.  The Landlord's only remedy is to evict the Debtor, so relief from stay is necessary.  Given the Debtor's breach of the Lease, and in order to protect

Landlord's interests, there is cause for relief from the automatic stay, and such relief is necessary and proper under 11 U.S.C. § 362(d)(1).

The automatic stay should be lifted under 11 U.S.C. § 362(d)(1) so that Landlord can take the legal action necessary to protect its rights under the Lease.

**B.     The stay should be terminated under Section 362(d)(2) because the Debtor has no equity in the Property and is not reorganizing.**

Relief is also proper under 11 U.S.C. § 362(d)(2).  This requires that the debtor have no equity in particular property and that the property no longer be necessary for reorganization.  *See generally In re Sun Valley Newspapers, In.*, 171 B.R. 71 (9th Cir. BAP 1994).

In this instance, there is no question that the Debtor has no equity in the Property since the Debtor is a tenant and not the owner of the residence.  Moreover, this is a chapter 7 case so there is no possibility of a reorganization for this Debtor.

The automatic stay should be lifted under 11 U.S.C. § 362(d)(2) so that the Landlord can take the legal action necessary to protect is rights under the Lease.

**C.     The Court should allow a waiver of Rule 4001(a)(3).**

The Landlord requests that the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived, so that the stay can be lifted immediately upon entry of the Court's order, allowing the Landlord to pursue its non-bankruptcy remedies.

**III.    CONCLUSION.**

For the reasons set forth above, the Landlord asks that the Court grant this motion and the relief requested.

Dated:  January 12, 2013

By: _____/s/ Steven B. Scow_____
         Steven B. Scow (Nev. Bar No. 9906)
         David R. Koch (Nev. Bar No. 8830)
         KOCH & SCOW, LLC
         11500 S. Eastern Ave., Ste. 210
         Henderson, Nevada 89052
         Attorneys for the Landlord

**DECLARATION OF DORIS CIN**

I, Doris Cin, do hereby swear under penalty of perjury that the following assertions are true to the best of my personal knowledge and belief.

1.    I am a manager/broker with Ameri-Dream Realty, the property manager for the property located at 6616 Bourbon Way, Las Vegas, Nevada 89107 (the "Property"). The Property is owned by Lingling Deng and XueGuo Sun (collectively, the "Landord"). I make this declaration based on my personal knowledge regarding the Property and the landlord-tenant relationship. The documents attached hereto have been kept by Ameri-Dream Realty in the regular course of business, and it was the regular course of business for an employee or representative of Ameri-Dream Realty with knowledge of the act, event, condition, opinion recorded to make the record or transmit information thereof to be included in such records. The records were made at or near the time of the act, event, condition or opinion. The attached documents are originals or exact duplicates of the originals.

2.    Kimberly Riley (the "Debtor") entered into a Residential Lease Agreement dated April 16, 2012 (the "Lease"), with the Landlord, regarding the Property. A true and correct copy of the Lease is attached as Exhibit "B". Based upon the Court's docket, the Debtor initiated this bankruptcy case on or about July 11, 2012 by filing a petition under chapter 13; the case was voluntarily converted to chapter 7 on or about November 29, 2012.

3.    The term of the Lease is for one year, with an expiration date of April 29, 2013. Pursuant to the Lease, Debtor is currently required to pay $900 per month.

4.    The Debtor defaulted on her obligation under the Lease by failing to timely pay monthly rent for November, December, and as of January 7, 2013, no rent has been paid for 2013.

5.    Rent is due by the 1st of each month. The total amount now due and owing to Landlord from Debtor through January 7, 2013 is $1,550, which includes $900 in rent and $650 in late fees, interest, or other costs. Pursuant to the Lease, there is a $50 late fee if rent is not paid by the 1st of each month, and then there is an additional $10 per day charge for each day the rent is

1 | late after the 6th day of the month.  A breakdown of the late fees is as follows:  $290 is owed for
2 | November, $300 is owed for December, and $60 for January.
3 |    I declare under penalty of perjury per the laws of the United States of America that the
4 | foregoing is true and correct to the best of my knowledge.
5 | Dated:  January 7, 2013
6 |
7 |

             _____ */s/ Doris Cin*_____
                  DORIS CIN

EXHIBIT "A"

EXHIBIT "A"

## * * § 362 INFORMATION COVER SHEET * *

Kimberley Shafaye Riley
_____
**DEBTOR**

12-18052-bam
_____
Case No:

_____
MOTION #:

Lingling Deng/XueGuo Sun
_____
**MOVANT**

CHAPTER: 7 _____

| _Certification of Attempt to Resolve the Matter Without Court Action:_ |
|---|
| _Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so._ |

Date: 1/12/2013 _____    Signature: _____

_Attorney for Movant_

PROPERTY INVOLVED IN THIS MOTION: 6616 Bourbon Way, Las Vegas, NV 89107
NOTICE SERVED ON:  Debtor(s) [✓] ; Debtor's counsel [✓] ; Trustee [✓] ;
DATE OF SERVICE: 1/12/2013

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st N/A | 1st _____ |
| 2nd _____ | 2nd _____ |
| 3rd _____ | 3rd _____ |
| 4th _____ | 4th _____ |
| Other: _____ | Other: _____ |
| Total Encumbrances: N/A | Total Encumbrances: _____ |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| Debtor is a tenant | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: N/A | . |
| Interest Rate: _____ | . |
| Duration: _____ | . |
| Payment per Month: _____ | . |
| Date of Default: _____ | . |
| Amount in Arrears: _____ | . |
| Date of Notice of Default: _____ | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| Debtor is a tenant | |
| SUBMITTED BY: Steven B. Scow | SUBMITTED BY: _____ |
| | SIGNATURE: _____ |

EXHIBIT "B"

EXHIBIT "B"

# RESIDENTIAL LEASE AGREEMENT
for
**6616 Bourbon Way**
**Las Vegas, NV    89107**
(Property Address)



1  **1. This AGREEMENT** is entered into this __16th__ day of _____ **April** _____, __2012__ between

2  __Lingling Deng, XueGuo Sun__ , ("LANDLORD") legal owner of the property through the Owner's

3  BROKER, __Ameri-Dream Realty__ , ("BROKER") and

4

5  Tenant's Name: __Kimberley Riley__     Tenant's Name: _____

6

7  Tenant's Name: __Dayquinntae Brooks__     Tenant's Name: _____

8

9  (collectively, "TENANT"), which parties hereby agree to as follows:

10

11  **2. SUMMARY:** The initial rents, charges and deposits are as follows:

| | Total Amount | Received | Balance Due Prior to Occupancy |
|---|---|---|---|
| 15  Rent: From __04/01/2012__ , To __04/30/2012__ | $ 900.00 | $ | $ 900.00 |
| 16  Security Deposit | $ 900.00 | $ | $ 900.00 |
| 17  Key Deposit | $ *************** | $ | $ |
| 18  Admin Fee/Credit App Fee (Non-refundable) | $ *************** | $ | $ |
| 19  Pet Deposit | $ *************** | $ | $ |
| 20  Cleaning Deposit | $ *************** | $ | $ |
| 21  Last Month's Rent Security | $ *************** | $ | $ |
| 22  CIC Registration | $ *************** | $ | $ |
| 23  Utility Proration | $ *************** | $ | $ |
| 24  Sewer/Trash Proration | $ *************** | $ | $ |
| 25  Other _____ | $ *************** | $ | $ |
| 26  Other _____ | $ *************** | $ | $ |
| 27  Other _____ | $ *************** | $ | $ |
| 28  Other _____ | $ *************** | $ | $ |
| 29  TOTAL | $ 1,800.00 | $ | $ 1,800.00 |

30  (Any balance due prior to occupancy to be paid in CERTIFIED FUNDS)

31

32  **3. ADDITIONAL MONIES DUE:** _____

33  _____

34  _____

35

36  **4. PREMISES:** Landlord hereby leases to TENANT and TENANT hereby leases from Landlord, subject to the terms

37  and conditions of the lease, the Premises known and designated as __6616 Bourbon Way, Las Vegas, NV__

38  __89107__ consisting of __Single Family Home__ ("the Premises").

39

40  **5. TERM:** The term hereof shall commence on __February 4, 2012__ and continue until

41  __April 29, 2013__ , for a total rent of $ __11,550.00__ , then on a month-to-month basis

42  thereafter, until either party shall terminate the same by giving the other party thirty (30) days written notice

43  delivered by certified mail (all calculation based on 30 day month).

44

45  **6. RENT:** TENANT shall pay rent at the monthly rate of $ __900.00__ , in advance, on the __1st__ day

46  of every month beginning the __1st__ day of __April__ , __2012__ and delinquent after

47  __5PM__ . There is no grace period. If rent is delinquent, it must be paid in the form of certified funds.

48

Residential Lease Agreement Rev. 9/09     Landlord __L LD__     Tenant _____ Tenant _____
Page 1 of 9                                                      Tenant _____ Tenant __KL__
© 2009 Greater Las Vegas Association of REALTORS®     Property: __6616 Bourbon Way__

AmeriDream Realty 4850 W Flamingo Rd Ste 39,  Las Vegas NV 89103     Phone: 7028765881     Fax:  7028763304     Leasing Packag
Zion Cin     Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

7. **PLACE OF PAYMENTS:** TENANT shall make all payments payable to _____**Ameridream Realty**_____ and shall mail such payments to: **4875 W Nevso Dr. Las Vegas, NV 89103, Att:Zion Cin** _____ -or- **In person** hand deliver such payments to _____**Ameridream Realty 4875 W Nevso Dr. Las Vegas 89103**_____ during normal business hours.

8. **ADDITIONAL FEES:**

**A. LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ **50.00**_____ plus $ **10.00**_____ per day for each day after ___**6**___ days that the sum was due.

**B. DISHONORED CHECKS:** A charge of $ **50.00**_____ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

**C. ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. **Payments will be applied to charges which become rent in the order accumulated.** All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape/pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, nor as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

9. **SECURITY DEPOSITS:** Upon execution of this Agreement, TENANT shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 2. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due Landlord under this Agreement. Any termination prior to the initial term set forth in paragraph 5, or failure of TENANT to provide proper notice of termination, shall result in TENANT forfeiting the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of termination. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund.

10. **TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

11. **EVICTION COSTS:** TENANT shall be charged an administrative fee of $ **300.00**_____ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT may be charged for service of legal notices and all related fees according to actual costs incurred.

12. **CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:

___**2**___ Door key(s)          ___**0**___ Garage Transmitter(s)     ___**0**___ Other(s)_____
___**1**___ Mailbox key(s)       ___**0**___ Gate Card(s)             ___**0**___ Other(s)_____
___**0**___ Laundry Room key(s)  ___**0**___ Gate Transmitter(s)      ___**0**___ Other(s)_____

Tenant shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of Tenant's return of all cards and/or keys to Landlord or Landlord's BROKER.

---

Residential Lease Agreement Rev. 9/09
Page 2 of 9
© 2009 Greater Las Vegas Association of REALTORS®

Landlord __*LLD*__

Tenant _____  Tenant _____
Tenant _____  Tenant _____
Property: **6616 Bourbon Way**

13. **CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD. TENANT shall use the Premises for residential purposes only and not for any commercial enterprise or for any purpose which is illegal. TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

14. **OCCUPANTS:** Occupants of the Premises shall be limited to _____4_____ persons and shall be used solely for housing accommodations and for no other purpose. TENANT represents that the following person(s) will live in the Premises: _____

15. **GUESTS:** The TENANT agrees to pay the sum of $ _20.00_____ per day for each guest remaining on the Premises more than ___30___ days. Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than ___60___ days.

16. **UTILITIES:** LESSEE shall immediately connect all utilities and services of premises upon commencement of lease. LESSEE is to pay when due all utilities and other charges in connection with LESSEE's individual rented premises. Responsibility is described as (T) for Tenant and (O) for Owner:

| | | | |
|---|---|---|---|
| Electricity ___T___ | Trash ___O___ | Phone ___T___ | Other _____ |
| Gas ___T___ | Sewer ___O___ | Cable ___T___ | Other _____ |
| Water ___T___ | Septic _____ | Association Fees ___O___ | |

  a. TENANT is responsible to connect the following utilities in TENANT'S name: **Eletricity, Gas and Water**
  b. LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly: _____
  c. No additional phone or cable lines or outlets shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines or outlets.
  d. If an alarm system exists on the Premises, TENANT shall obtain the services of an alarm services company and shall pay all costs associated therewith.
  e. Other: **NONE** _____

17. **PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. The names and numbers of pest control providers are in the yellow pages under "PEST." For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture at www.agri.nv.gov.

18. **PETS:** No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval. Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $ _300_ will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned. In the event written permission shall be granted, TENANT shall be required to procure and provide to Landlord written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury. Each such policy shall name LANDLORD and LANDLORD'S AGENT as additional insureds. A copy of each such policy shall be provided to Landlord or Landlord's BROKER prior to any pets being allowed within the Premises. If TENANT obtains a pet without written permission of LANDLORD, TENANT agrees to pay an immediate fine of $500. TENANT agrees to indemnify LANDLORD for any and all liability, loss and

---

1  damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written
2  permission was granted.
3
4  **19. RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats,
5  campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as
6  follows: **NONE**                                                                                    .
7  **TENANT shall not conduct nor permit any work on vehicles on the premises.**
8
9  **20. ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent. All
10  alterations or improvements made to the Premises, shall, unless otherwise provided by written agreement between
11  parties hereto, become the property of LANDLORD and shall remain upon the Premises and shall constitute a
12  fixture permanently affixed to the Premises. In the event of any alterations, TENANT shall be responsible for
13  restoring the Premises to its original condition if requested by LANDLORD or LANDLORD's BROKER.
14
15  **21. DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any
16  Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or
17  TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder. Upon
18  default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice. Upon default,
19  LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT.
20  LANDLORD may pursue any and all legal and equitable remedies available.
21
22  **22. ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a
23  waiver of said terms by LANDLORD. Acceptance of rent due by LANDLORD after any default shall not be
24  construed to waive any right of LANDLORD or affect any notice of termination or eviction.
25
26  **23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the
27  Premises at the expiration of this Agreement. **Such notice shall be in writing and shall be provided to**
28  **LANDLORD prior to the first day of the last month of the lease term set forth in section 5 of this Agreement.**
29  **In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event
30  TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis
31  until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by
32  __10.000__ %.
33
34  **24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall
35  remove any and all of TENANT's property. TENANT shall return keys, personal property and Premises to the
36  LANDLORD in good, clean and sanitary condition, normal wear excepted. TENANT will allow LANDLORD to
37  inspect the Premises in the TENANT's presence to verify the condition of the Premises.
38
39  **25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential
40  services emergencies on behalf of the LANDLORD is as follows: **Zion Cin 702-292-9222**
41  **Doris Cin 702-683-8567 Abe Arias 702-876-5881 Ext 230**
42
43  **26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately
44  report to the LANDLORD any defect or problem pertaining to plumbing, wiring or workmanship on the Premises.
45  TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence.
46  TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the
47  costs of remediation of such damage. TENANT shall be responsible for any **MINOR** repairs necessary to the
48  Premises up to and including the cost of $ **100.00**                          . TENANT agrees to pay for all repairs,
49  replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets,
50  licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows
51  open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the
52  building in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional
53  rent to be paid no later than the next monthly payment date following such repairs.
54

a. TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

b. TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c. In the case of landscaping and/or a swimming pool being maintained by a contractor, TENANT agrees to cooperate with the landscape and/or pool contractor in a satisfactory manner. LANDLORD provided landscaping maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the landscaping and/or shrubs, trees and sprinkler system in good condition. In the event the landscaping is not being maintained by a Contractor, TENANT shall maintain lawns, shrubs and trees. TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees. If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost. Said costs shall immediately become additional rent.

d. LANDLORD shall be responsible for all major electrical problems that are not caused by TENANT.

e. TENANT __X__ shall -OR- ____ shall not have carpets professionally cleaned upon move out. If cleaned, TENANT shall present LANDLORD or LANDLORD's BROKER with a receipt from a reputable carpet cleaning company.

f. There ____ is -OR- __X__ is not a pool contractor whose name and phone number are as follows: _____
_____ .
If there is no such contractor, TENANT agrees to maintain the pool, if any. TENANT agrees to maintain the water level, sweep, clean and keep in good condition. If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost. Said costs shall become additional rent.

**27. ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers or insurance agents or other business therein as requested by LANDLORD, and for BROKER's periodic maintenance reviews. If TENANT fails to keep scheduled appointments with vendors to make necessary/required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent. TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

**28. INVENTORY:** It is agreed that the following inventory is now on said premises. (Check if present; cross out if absent.)

| | | |
|---|---|---|
| ____ Refrigerator | ____ ~~Intercom System~~ | ____ ~~Spa Equipment~~ |
| ____ Stove | ____ ~~Alarm System~~ | ____ Auto Sprinklers |
| ____ Microwave | ____ ~~Trash Compactor~~ | ____ Auto Garage Openers |
| ____ Disposal | ____ Ceiling Fans | ____ ~~BBQ~~ |
| ____ Dishwasher | ____ ~~Water Conditioner Equip.~~ | ____ ~~Solar Screens~~ |
| ____ Washer | ____ Floor Coverings | ____ ~~Pool Equipment~~ |
| ____ Dryer | ____ Window Coverings | ____ Other |

TENANT assumes responsibility for the care and maintenance thereof.

**29. ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such project and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by himself, his family, licensees or guests. Noncompliance with the Governing Documents shall constitute a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered as an addition to rent and shall be due along with the next monthly payment of rent. By initialing this paragraph, TENANT acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD, at LANDLORD's expense, shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD may, at its option, with 30 days notice to TENANT, adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any).  [ _____ ] [ _____ ] [ _____ ]

**30. INSURANCE:** TENANT **X** is -OR- __ is not required to purchase renter's insurance. LANDLORD and BROKER shall be named as additional interests on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. Even if it is not a requirement of this Agreement, TENANT understands that LANDLORD highly recommends that TENANT purchase renter's insurance.

**31. ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county/city government or the local health or building departments.

**32. ADDITIONAL RESPONSIBILITIES:**

a. TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD.  LANDLORD is not responsible for maintaining screens.

b. With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c. The Premises __ have -OR- __ have not been freshly painted. If not freshly painted, the Premises __ have -OR- __ have not been touched up. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d. TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER no less than _____2_____ business days of vacating the Premises.

e. Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock.

f. TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead-based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency. If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will

Residential Lease Agreement Rev. 9/09
Page 6 of 9
© 2009 Greater Las Vegas Association of REALTORS®

Landlord _____LCD_____

Tenant _____    Tenant _____
Tenant _____    Tenant _____
Property: 6616 Bourbon Way

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Leasing Packag

notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and/or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g. TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h. TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the tenant consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

**33. CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party. Such changes shall take effect after thirty days notice to TENANT.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

**38. PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

**39. VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

**40. SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement.

**41. LICENSEE DISCLOSURE OF INTEREST:** Pursuant to NAC 645.640, ************************** is a licensed real estate agent in the State(s) of ******************** , and has the following interest, direct or indirect, in this transaction: ☐ Principal (LANDLORD or TENANT) -OR- ☐ family relationship or business interest: ************************** .

1 **42. CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:
2
3    Tenant's Broker: _____ Agent's Name: _____
4    Address: __,__
5    Phone: _____ Fax: _____ Email: _____
6    License # _____
7
8    Landlord's Broker: **Ameri-Dream Realty**   Agent's Name: **Zion Cin**
9    Address: **4875 W Nevso Dr., Las Vegas, NV  89103**
10    Phone: **(702)292-9222**   Fax: **(888)357-2248**  Email: **zioncin@hotmail.com**
11    License # **55968      163577**
12
13 **43. NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection
14    with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:
15
16    BROKER: **JOhn Brown /AmeriDream Realty**
17    Address: **4875 W Nevso Dr. Las Vegas, NV 89103**
18    Phone: **(702)876-5881**   Fax: **(888)357-2248**  Email: **zioncin@hotmail.com**
19
20    TENANT: **Kimberley Riley, Dayquinntae Brooks**
21    Address: __,__
22    Phone: _____ Fax: _____ Email: _____
23
24 **44. ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda, exhibits and other
25    information:
26    A. ☒ Lease Addendum for Drug Free Housing
27    B. ☒ Smoke Detector Agreement
28    C. ☐ Other: _____
29    D. ☐ Other: _____
30    E. ☐ Other: _____
31
32
33
34
35
36
37
38              **[This space is intentionally blank.]**
39
40
41
42
43
44
45
46
47
48
49
50
51

**45. ADDITIONAL TERMS AND CONDITIONS:** The Property manager has right to inspect the property once every few months. A notice in writing or verbal needs to be given to tenant in 24 hours prior to access.

Tenants to keep family and friend in a safe, clean environment.

No Subletting allowed.

Rent Payment to be in certified funds only.

Tenant to transfer all utilites within 48 hours of move in.

Tenant to maintain all utilities on until move-out walk-thru is complete.

Tenants to provide copies of 1st months utility bills,  if needed for proration.

_____    _____  04/16/2012
LANDLORD/OWNER OF RECORD NAME        TENANT'S SIGNATURE                          DATE
Lingling Deng                        Print Name: Kimberley Riley
                                     Phone: _____

Ameri-Dream Realty                   _____  04/16/2012
MANAGEMENT COMPANY (BROKER) NAME     TENANT'S SIGNATURE                          DATE
                                     Print Name: Dayguinntae Brooks
                                     Phone: _____

By _____ 4/16/12   _____
Authorized AGENT for BROKER SIGNATURE   DATE   TENANT'S SIGNATURE                DATE
Zion Cin                             Print Name: _____
[X] REALTOR®                         Phone: _____

                                     _____
                                     TENANT'S SIGNATURE                          DATE
                                     Print Name: _____
                                     Phone: _____

# ADDENDUM NO. ___1C___
## TO RESIDENTIAL LEASE AGREEMENT
for



**6616 Bourbon Way, Las Vegas, NV    89107**
(Property Address)

In reference to the Residential Lease Agreement executed by **Kimberley Riley, Dayquinntae Brooks** as
Tenants(s) and **Lingling Deng, XueGuo Sun**
as Owner, through **Ameri-Dream Realty** as Broker, dated
**April 16, 2012** covering the above-referenced real property, the parties hereby agree that the
Lease Agreement be amended as follows:

**9. If tenant decide to have a pet during his/her residency, an application must be submitted to our office and tenant must pay the pet deposit if landlord approved. Tenant agrees to pay an immediate fine of $500 if an unauthorized pet was found living in the resident. If the pet application is not approved by landlord, tenant must remove the pet or landlord will file a 5-day notice with the local constable office because this is considered a breach of contract.**

When executed by both parties, this Addendum is made an integral part of the aforementioned
Residential Lease Agreement.

**WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL COUNSEL BEFORE SIGNING.**

LANDLORD/OWNER OF RECORD
Lingling Deng
XueGuo Sun

**Ameri-Dream Realty**
MANAGEMENT COMPANY (BROKER)

By _____
Authorized AGENT for BROKER
Zion Cin

TENANT'S SIGNATURE    5/11/12 DATE
Print Name: **Kimberley Riley**

TENANT'S SIGNATURE    DATE
Print Name: **Dayquinntae Brooks**

TENANT'S SIGNATURE    DATE
Print Name: _____

TENANT'S SIGNATURE    DATE
Print Name: _____

Addendum to Residential Lease Agreement 11/09

© 2009 Greater Las Vegas Association of REALTORS®

AmeriDream Realty 4850 W Flamingo Rd Ste 39, Las Vegas NV 89103
Phone: 7028765881       Fax: 7028763304       Zion Cin
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Leasing Packag

# ADDENDUM NO. ___1B___

## TO RESIDENTIAL LEASE AGREEMENT

for



___6616 Bourbon Way, Las Vegas, NV___ ___89107___
(Property Address)

In reference to the Residential Lease Agreement executed by **Kimberley Riley, Dayquinntae Brooks** as
Tenants(s) and **Lingling Deng, XueGuo Sun** _____
as Owner, through ___**Ameri-Dream Realty**_____ as Broker, dated
___**April 16, 2012**___ covering the above-referenced real property, the parties hereby agree that the
Lease Agreement be amended as follows:

**5. There is a bounced check fee of $50, tenant must resubmit with certified fund of payment within 2 business days after the insufficient fund notice is given by the property manager and no more personal check will be allowed after such incident.**

**6. Minor repairs cost $80/ $100 or under (differentiate based on the Lease Agreement), is tenant's responsibility. Two or more repair costs cannot be combined.**

**7. Tenant to respond to any HOA (Home Owner Association) violation notice within 7 calendar days, tenant is responsible for the cost of labor and material if failed to cooperate in the time frame.**

**8. There is a $32 trash and sewer reimbursement fee to the landlord, tenants must include it in their rent each month otherwise the rent payment will not be accepted. (Not Applicable for properties in North Las Vegas.)**

**When executed by both parties, this Addendum is made an integral part of the aforementioned Residential Lease Agreement.**

**WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT FULLY UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL COUNSEL BEFORE SIGNING.**

| | |
|---|---|
| LANDLORD/OWNER OF RECORD | TENANT'S SIGNATURE           5/11/12     DATE |
| **Lingling Deng** | Print Name: **Kimberley Riley** |
| **XueGuo Sun** | |
| **Ameri-Dream Realty** | TENANT'S SIGNATURE           DATE |
| MANAGEMENT COMPANY (BROKER) | Print Name: **Dayquinntae Brooks** |
| By _____ 5/11/12 | TENANT'S SIGNATURE           DATE |
| Authorized AGENT for BROKER      DATE | Print Name: |
| **Zion Cin** | |
| | TENANT'S SIGNATURE           DATE |
| | Print Name: |

Addendum to Residential Lease Agreement 11/09

© 2009 Greater Las Vegas Association of REALTORS®

# ADDENDUM NO. ___1A___
## TO RESIDENTIAL LEASE AGREEMENT
for



__6616 Bourbon Way, Las Vegas, NV    89107__
(Property Address)

In reference to the Residential Lease Agreement executed by __Kimberley Riley, Dayguinntae__
__Brooks__ as
Tenants(s) and __Lingling Deng, XueGuo Sun__
as Owner, through __Ameri-Dream Realty__ as Broker, dated
___April 3, 2012___ covering the above-referenced real property, the parties hereby agree that the
Lease Agreement be amended as follows:

__1.Term on paragraph 26. Maintenance will apply for defects items disclosed__
__by tenant after 7 calendar days upon move-in.__

__2.Tenant must submit a duplicate copy of the key if locks are changed.__

__3.Tenant understands that there is a $50 late fee plus $10 per day starting__
__from the 1st of each month if the rent payment was not received by our__
__office personnel by 5 pm, the 6th of that month. If the rent payment was__
__sent through regular mail, it has to be received by our office personnel by__
__the 6th of the month, otherwise it is considered late.__
__For example, pay received on the 10th, will be charged $50+$40; pay on the__
__11th, will be charged $50+$50.__
__4. Our office reserves the right to file a 5-day notice with the local__
__constable on the 5th of each month follows by a Summary Eviction after 5__
__business days of the notice if the rent payment was not recd. on time.__
__Tenant is reponsible for the cost of the Constable notice & court fees.__

When executed by both parties, this Addendum is made an integral part of the aforementioned
Residential Lease Agreement.

WHEN PROPERLY COMPLETED, THIS IS A BINDING CONTRACT. IF YOU DO NOT FULLY
UNDERSTAND ITS CONTENTS, YOU SHOULD SEEK COMPETENT LEGAL COUNSEL BEFORE
SIGNING.

LANDLORD/OWNER OF RECORD
__Lingling Deng__
__XueGuo Sun__

__Ameri-Dream Realty__
MANAGEMENT COMPANY (BROKER)

By _____  4/16/12
Authorized AGENT for BROKER      DATE
__Zion Cin__

TENANT'S SIGNATURE          5/16/12  DATE
Print Name: __Kimberley Riley__

TENANT'S SIGNATURE          DATE
Print Name: __Dayguinntae Brooks__

TENANT'S SIGNATURE          DATE
Print Name: _____

TENANT'S SIGNATURE          DATE
Print Name: _____

Addendum to Residential Lease Agreement 11/09

© 2009 Greater Las Vegas Association of REALTORS®

AmeriDream Realty 4850 W Flamingo Rd Ste 39, Las Vegas NV 89103
Phone: 7028765881          Fax:  7028763304          Zion Cin
Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Leasing Packag



## LEASE ADDENDUM FOR DRUG FREE HOUSING

In consideration of the execution or renewal of a lease of the dwelling unit identified in the lease, Landlord and Tenant agree as follows:

1. Tenant, any member of Tenant's household, or a guest or other person under Tenant's control shall not engage in criminal activity, including drug-related criminal activity, on or near the subject leasehold premises. "Drug-related criminal activity" means the illegal manufacture, sale, distribution, use or possession with intent to manufacture, sell, distribute, or use, of controlled substance (as defined in section 102 or the Controlled Substance Act, 21 U.S.C. 802).

2. Tenant, any member of the Tenant's household, or a guest or other person under Tenant's control, shall not engage in any act intended to facilitate criminal activity, including drug-related criminal activity, on or near the subject leasehold premises.

3. Tenant or members of the household will not permit the dwelling unit to be used for or to facilitate criminal activity, including drug-related criminal activity, regardless of whether the individual engaging in such activity is a member of the household or a guest.

4. Tenant or member of the household will not engage in the manufacture, sale or distribution of illegal drugs at any location, whether on or near the subject leasehold premises or otherwise.

5. Tenant, any member of the Tenant's household, or a guest or other person under Tenant's control shall not engage in acts of violence, including, but not limited to the unlawful discharge of firearms, on or near the subject leasehold premises.

6. VIOLATION OF THE ABOVE PROVISIONS SHALL BE A MATERIAL VIOLATION OF THE LEASE AND GOOD CAUSE FOR TERMINATION OF TENANCY. A single violation of any of the provisions of the addendum shall be deemed a serious violation and a material noncompliance with the lease. It is understood and agreed that a single violation shall be cause for termination of the lease. Unless otherwise provided by law, proof of violation shall not require criminal conviction, but shall be by a preponderance of the evidence.

7. In case of conflict between the provisions of this addendum and any other provisions of the lease, the provisions of the addendum shall govern.

8. This lease addendum incorporated into the lease executed or renewed this day between Landlord and Tenant.

Property Adddress 6616 Bourbon Way, Las Vegas, NV    89107

Agent/Landlord _____Zion Cin_____    Tenant _____Kimberley Riley_____

Company AmeriDream Realty    Tenant _____Dayguinntae Brooks_____

Owner _____Lingling Deng_____    Tenant _____

Date April 3, 2012    Date April 3, 2012

Lease Addendum for Drug Free Housing Rev. 10/07    ©2007 Greater Las Vegas Association of REALTORS®
AmeriDream Realty 4850 W Flamingo Rd Ste 39, Las Vegas NV 89103
Phone: 7028765881         Fax: 7028763304         Zion Cin    Leasing Packag

Produced with ZipForm™ by RE FormsNet, LLC 18025 Fifteen Mile Road, Clinton Township, Michigan 48035  www.zipform.com




# SMOKE DETECTOR AGREEMENT

This Agreement entered into the _____3rd_____ day of _____April_____ , _2012_____ between
_____Lingling Deng, XueGuo Sun_____ , Landlord
(by and through Landlord's Agent), and _Kimberley Riley, Dayguinntae Brooks_____
_____ , Tenant.

In consideration of their mutual promises, Landlord and Tenant agree as follows:

1. Tenant is renting from Landlord the premises at _6616 Bourbon Way, Las Vegas, NV_
   _89107_____ .

2. This agreement is an addendum and part of the rental agreement and/or lease between
   Landlord and Tenant.

3. The premises are equipped with smoke detection device(s).

4. It is agreed that Tenant will test the smoke detector within one hour after occupancy and
   inform Landlord or his/her Agent immediately if detector(s) is not working properly.

5. It is agreed that Tenant will be responsible for testing smoke alarm(s) at least once every week
   by pushing the "push to test" button on the detector for about five (5) seconds. To be operating
   properly, the alarm will sound when the button is pushed.

6. Tenant understands that said smoke detector(s) is a battery operated unit and it shall be
   Tenant's responsibility to insure that the battery is in operating condition at all times. If after
   replacing battery, any smoke detector(s) will not operate or has no sound, Tenant must inform
   Landlord or his/her Agent immediately in writing.

7. Landlord and his/her Agent recommend that Tenant provides and maintains a fire extinguisher
   on the premises.

8. The undersigned have read the above agreement and understand and agree to all provisions
   thereof and further acknowledge that they have received a copy of said agreement.


LANDLORD/AGENT
    **Zion Cin**

TENANT
    **Kimberley Riley**

TENANT
    **Dayguinntae Brooks**

Smoke Detector Agreement Rev. 02/08

© 2008 Greater Las Vegas Association of REALTORS®

AmeriDream Realty 4850 W Flamingo Rd Ste 39,  Las Vegas NV 89103
Phone: 7028765881          Fax:  7028763304          Zion Cin                                                              Leasing Packag

Produced with ZipForm™ by RE FormsNet, LLC 18025 Fifteen Mile Road, Clinton Township, Michigan 48035   www.zipform.com

# DUTIES OWED BY A NEVADA REAL ESTATE LICENSEE
### *This form does not constitute a contract for services nor an agreement to pay compensation.*

**In Nevada, a real estate licensee is required to provide a form setting forth the duties owed by the licensee to:**
    a) **Each party for whom the licensee is acting as an agent in the real estate transaction, and**
    b) **Each unrepresented party to the real estate transaction, if any.**

**Licensee:** The licensee in the real estate transaction is _____ **Zion Cin** _____
whose license number is _____ **55968** _____ . The licensee is acting for [client's name(s)] **Sun XueGuo, Deng Lingling**
_____ who is/are the [X] Seller/Landlord; ☐ Buyer/Tenant.
**Broker:** The broker is _____ **John Brown** _____ , whose
company is _____ **AmeriDream Realty** _____

**Licensee's Duties Owed to All Parties:**
A Nevada real estate licensee shall:
1. Not deal with any party to a real estate transaction in a manner which is deceitful, fraudulent or dishonest.
2. Exercise reasonable skill and care with respect to all parties to the real estate transaction.
3. Disclose to each party to the real estate transaction as soon as practicable:
    a. Any material and relevant facts, data or information which licensee knows, or with reasonable care and diligence the licensee should know, about the property.
    b. Each source from which licensee will receive compensation.
4. Abide by all other duties, responsibilities and obligations required of the licensee in law or regulations.

**Licensee's Duties Owed to the Client:**
A Nevada real estate licensee shall:
1. Exercise reasonable skill and care to carry out the terms of the brokerage agreement and the licensee's duties in the brokerage agreement;
2. Not disclose, except to the licensee's broker, confidential information relating to a client for 1 year after the revocation or termination of the brokerage agreement, unless licensee is required to do so by court order or the client gives written permission;
3. Seek a sale, purchase, option, rental or lease of real property at the price and terms stated in the brokerage agreement or at a price acceptable to the client;
4. Present all offers made to, or by the client as soon as practicable, unless the client chooses to waive the duty of the licensee to present all offers and signs a waiver of the duty on a form prescribed by the Division;
5. Disclose to the client material facts of which the licensee has knowledge concerning the real estate transaction;
6. Advise the client to obtain advice from an expert relating to matters which are beyond the expertise of the licensee; and
7. Account to the client for all money and property the licensee receives in which the client may have an interest.

**Duties Owed By a broker who assigns different licensees affiliated with the brokerage to separate parties.**
Each licensee shall not disclose, except to the real estate broker, confidential information relating to client.

**Licensee Acting for Both Parties:** You understand that the licensee _____ may *or* _____ may not, in the future act
                                     *(Client Init)*            *(Client Init)*
for two or more parties who have interests adverse to each other. In acting for these parties, the licensee has a conflict of interest. Before a licensee may act for two or more parties, the licensee must give you a "Consent to Act" form to sign.

| I/We acknowledge receipt of a copy of this list of licensee duties, and have read and understand this disclosure. | | | | | | |
|---|---|---|---|---|---|---|
| *Seller/Landlord* **Lingling Deng** | *Date* 15-06-2012 | *Time* | *Buyer/Tenant* **Kimberley Riley** | *Date* 04/03/2012 | *Time* |
| *Seller/Landlord* **XueGuo Sun** | *Date* | *Time* | *Buyer/Tenant* **Dayguinntae Brooks** | *Date* 04/03/2012 | *Time* |

Approved Nevada Real Estate Division            Page 1 of 1                 525
Replaces all previous versions                                        Revised 10/25/07

AmeriDream Realty 4850 W Flamingo Rd Ste 39, Las Vegas NV 89103
Phone: 7028765881       Fax: 7028763304       Zion Cin                                 Leasing Packag

EXHIBIT "C"

EXHIBIT "C"

1
2
3
4
5
6
7
8  KOCH & SCOW, LLC
   Steven B. Scow, Nev. Bar No. 9906
   E-mail:  sscow@kochscow.com
9  David R. Koch, Nev. Bar No. 8830
   E-mail:  dkoch@kochscow.com
10 11500 S. Eastern Ave., Suite 210
   Henderson, Nevada 89052
11 Tel:  702-318-5040
   Fax:  702-318-5039
12
13 Attorneys for Landlord
   Lingling Deng and XueGuo Sun
14

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re: | Case No.: 12-18052-bam |
|---|---|
| Kimberley Shafaye Riley, | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION FOR RELIEF FROM STAY** |
| | Date:       February 20, 2013<br>Time:       9:00 a.m.<br>Location:   Courtroom 3 |

On February 20, 2013, the Court conducted a hearing on the *Motion for Relief from Stay* (the "Motion") filed on January 12, 2013 by Lingling Deng and XueGuo Sun (collectively, the "Landlord").  Appearances of counsel were noted on the record at the hearing.

1    Having considered the Motion, all pleadings submitted by the parties, any arguments of

2  counsel, and good cause appearing,

3    IT IS HEREBY ORDERED that the Landlord is entitled to relief from the automatic stay

4  as requested in the Motion, in that the automatic stay is lifted and the Landlord is permitted to

5  proceed with its non-bankruptcy remedies, including seeking an eviction to regain possession of

6  the residential property located 6616 Bourbon Way, Las Vegas, Nevada 89107 (the "Property").

7    IT IS FURTHER ORDERED that Rule 4001(a)(3) of the Federal Rules of Bankruptcy

8  Procedure is not applicable allowing the Landlord to immediately enforce and implement this

9  Order.

10

11  Prepared and Submitted by:

12  __/s/ Steven B. Scow_____

13  Steven B. Scow
    Koch & Scow, LLC

14  Attorneys for the Landlord

15

16

17

18  In accordance with LR 9021, counsel submitting this document certifies that the order accurately
    reflects the court's ruling and that (check one):

19

20    ___ The court has waived the requirement set forth in LR 9021(b)(1).

21    ___ No party appeared at the hearing or filed an objection to the motion.

22    ___ I have delivered a copy of this proposed order to all counsel who appeared at the
     hearing, and any unrepresented parties who appeared at the hearing, and each has approved

23   or disapproved the order, or failed to respond, as indicated below [list each party and
     whether the party has approved, disapproved, or failed to respond to the document]:

24

25    _X_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this
     order with the motion pursuant to LR 9014(g), and that no party has objected to the form

26   or content of the order.

27

28                                     # # #

                                        -2-